UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN W. HARRINGTON,

    Plaintiff,

v.

MUSKEGON CORRECTIONAL
FACILITY MEDICAL STAFF, AND
GUS HARRISON CORRECTIONAL
FACILITY MEDICAL STAFF,

    Defendants.
_____/

Case No. 2:22-cv-13083
Hon. Sean F. Cox

**ORDER PARTIALLY DISMISSING CASE AND DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT**

This is a pro se prisoner civil rights case filed under 42 U.S.C. § 1983. Plaintiff Justin W. Harrington is currently incarcerated at the Saginaw Correctional Facility. Plaintiff names the Muskegon Correctional Facility Medical Staff and the Gus Harrison Correctional Facility Medical Staff as defendants.

I.

The case is before the Court for screening under the PLRA. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the PLRA, the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be

granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

2

To establish a prima facie case under § 1983, "a plaintiff must allege that []he was deprived of a right secured by the Federal Constitution or laws of the United States by a person acting under color of state law." *Paige v. Coyner*, 614 F.3d 273, 278 (6th Cir. 2010) (emphasis omitted). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, [the claim] must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

## II.

Plaintiff's complaint asserts that while he was a prisoner at the Muskegon Correctional Facility, he was assaulted by three inmates who broke his collar bone. (ECF No. 1, PageID.30.) Plaintiff asserts that unnamed members of the medical staff at both the Muskegon and Adrian facilities thereafter failed to adequately treat his injury in deliberate indifference to his serious medical need and in retaliation for his filing grievances. Plaintiff asserts that the injury ultimately required a bone graft that would have been unnecessary had he been properly treated. (*Id.*, PageID.30-37.)

## III.

As it stands, Plaintiff's complaint fails to state a claim. Neither the correctional facilities nor their medical departments are legal entities capable of being sued under § 1983. *See Parker v. Mich. Dep't of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003); *Poole v. Mich. Reformatory*, No. 09-13093, 2009 U.S. Dist. LEXIS 82798, 2009 WL 2960412, at *1 (E.D. Mich. Sept. 11, 2009) (holding that prison

3

facilities are not "persons" or legal entities subject to suit under § 1983). Nor is a unit or subdivision of a prison a legal entity capable of being sued. *See Connor v. Hurley*, No. 00-8354, 2004 U.S. Dist. LEXIS 7146, 2004 WL 885828, at *3 (S.D.N.Y. Apr. 26, 2004) (defendants identified as "Green Haven Correctional Facility (Medical Staff)" and "Green Haven Correctional Facility (Administration)" are not persons subject to suit under § 1983).

As for the unnamed individual medical providers, the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)(citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002). The complaint fails to attach any factual allegations to any individually named defendant.

Indeed, the complaint fails to provide a name of a single person who is part of the medical staffs at either facility. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. The use of placeholders—if that is what Plaintiff intended—is permitted only in limited circumstances, and only in the context where there is at least one named party and discovery from that party may eventually allow the true identity of the other persons to be discovered. *See, e.g., Berndt v. Tennessee*, 796 F.2d 879, 882-84 (6th Cir. 1986)

(remanding to allow plaintiff to amend complaint to name the parties); *Odum v. Knox County*, 902 F.2d 34, 1990 WL 57241, at *1 (6th Cir. 1990) (complaint contained sufficient facts for the named defendants to discover the correct defendant with minimal investigation).

Plaintiff's action concerns the health service departments at two correctional facilities where he was incarcerated. Certainly, medical records containing names of individuals who treated him were created as a result of the alleged events. It is virtually inconceivable that without minimal effort, Plaintiff cannot name at least one of the involved individuals.

Accordingly, Plaintiff will be permitted to amend his complaint within thirty days to provide the name of at least one defendant, or he may face dismissal of his action without prejudice. *See Valentin v. Dinkins*, 121 F.3d 72, 75-76 (2d Cir. 1997) (remanding to allow the plaintiff an opportunity to identify name of an officer from the named defendant but noting that a dismissal was not precluded if the information was insufficient to allow for service of process on the defendant).

IV.

It is therefore **ORDERED** that the case is **SUMMARILY DISMISSED** with respect to defendants Muskegon Correctional Facility Medical Staff and Gus Harrison Correctional Facility Medical Staff.

It is **FURTHER ORDERED** that within 30 days of the date of this order Plaintiff shall file an amended complaint that states a claim against named individuals, or the case may be dismissed.

Dated:  January 24, 2023                    s/Sean F. Cox
                                            Sean F. Cox
                                            U. S. District Judge